UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   Case No. 8:24-cr-512-VMC-AEP

GARY LEE KEY, JR.
_____/

**ORDER**

This matter comes before the Court pursuant to the Government's "Notice pursuant to Federal Rule of Evidence 404(b) and Motion for Pretrial Determination of Admissibility of Defendant's prior conviction," filed on January 7, 2026. (Doc. # 44). Defendant Gary Lee Key, Jr. did not respond to the Motion. For the reasons that follow, the Motion is granted.

**Discussion**

On November 20, 2024, Mr. Key was indicted with one count of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841. (Doc. # 1). On January 9, 2025, Mr. Key pled not guilty. (Doc. # 9).

On January 7, 2026, the Government filed the instant Motion, seeking to admit evidence of two certified judgments

1

of Mr. Key's 2018 felony convictions for sales of cocaine, possession of cocaine, and unlawful use of a two-way communication device. (Doc. # 44). Mr. Key has not responded to the Motion.

"Rule 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove a defendant's character in order to show action in conformity therewith." United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007) (citation omitted). "Such evidence 'may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" Id. (quoting Fed. R. Evid. 404(b)). "For evidence of other crimes or acts to be admissible under Rule 404(b), (1) it must be relevant to an issue other than defendant's character; (2) there must be sufficient proof to enable a jury to find by a preponderance of the evidence that the defendant committed the act(s) in question; and (3) the probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must satisfy Rule 403." Id. (citation omitted).

Upon review of the Motion, the Court finds that all three prongs of the test are satisfied. First, the evidence of Mr. Key's prior felony conviction is relevant to his intent to

distribute controlled substances. Because he pled not guilty, Mr. Key's intent is a material issue in this case. See United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir.1998) ("A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue."). Indeed, it appears that Mr. Key's intent will be a major disputed issue at trial. (Doc. # 44 at 4-5).

Second, the certified judgments of Mr. Key's prior convictions are sufficient proof that Mr. Key committed the crimes of which he was convicted. See United States v. Calderon, 127 F.3d 1314, 1332 (11th Cir. 1997) ("It is elementary that a conviction is sufficient proof that he committed the prior act."), holding modified by United States v. Toler, 144 F.3d 1423 (11th Cir. 1998).

Finally, the probative value of Mr. Key's prior convictions is not outweighed by the risk of undue prejudice. "[T]his determination lies within the sound discretion of the district judge and calls for a 'common sense assessment of all the circumstances surrounding the extrinsic offense,' including prosecutorial need, overall similarity between the

extrinsic act and the charged offense, as well as temporal remoteness." Id. (citation omitted). "A similarity between the other act and a charged offense will make the other offense highly probative with regard to a defendant's intent in the charged offense." United States v. Ramirez, 426 F.3d 1344, 1354 (11th Cir. 2005). "When Rule 404(b) other crimes evidence goes to intent, rather than identity, a lesser degree of similarity between the charged crime and the uncharged crime is required, and a similarity in overall purpose of each is sufficient." United States v. Williams, 579 Fed. App'x 837, 840 (11th Cir. 2014) (citation omitted).

Here, Mr. Key's prior convictions for sales of cocaine bear similarity to the offenses with which he is charged, namely conspiracy to distribute methamphetamine and possession with intent to distribute. The Government has a prosecutorial need for the evidence, because Mr. Key's intent is a material issue in this case and the prior convictions are highly probative of intent. Furthermore, the prior convictions are not so temporally remote as to outweigh their probative value. Mr. Key was convicted of the cocaine sales on March 19, 2018. (Doc. ## 44-1, 44-2). "These convictions . . . occurred less than 10 years prior to Key being charged with the instant conspiracy, and less than five years after

4

being released from his prison sentence on those cases." (Doc. # 44 at 8). To date, less than 8 years have elapsed since Mr. Key's prior convictions. That length of time is well within the time permitted by the Eleventh Circuit. See United States v. Floyd, 522 F. App'x 463, 465-67 (upholding admission of a 14-year-old prior cocaine delivery conviction under Rule 404(b)); see also United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir.1995) (holding that a 15-year-old drug conviction was not so remote that it lacked any probative value to show the defendant's intent to traffic cocaine).

While the specified evidence should be admitted, the Court intends to give a limiting instruction at trial. See Edouard, 485 F.3d at 1346 ("[A]ny unfair prejudice possibly caused by admitting evidence of Edouard's prior smuggling activities was mitigated by the district court's limiting instruction to the jury. Thus, the probative value of the evidence in question was not substantially outweighed by undue prejudice." (citation omitted)); Calderon, 127 F.3d at 1333 ("[A]ny unfair prejudice that may have existed was mitigated by the district judge's limiting instruction.").

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

The Government's "Notice pursuant to Federal Rule of Evidence 404(b) and Motion for Pretrial Determination of Admissibility of Defendant's prior conviction" (Doc. # 44) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of January, 2026.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE